UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                :

JUAN P. ORTIZ, et al.,

                                Plaintiffs,

                               24-CV-6148 (VSB)

            - against -

                               **OPINION & ORDER**

DOT FOODS INC., et al.,

                              Defendants.

-----------------------------------------------------------X

Appearances:

Jordan D Hecht
Hecht & Hecht, LLP
*Counsel for Plaintiffs*

John Andrew Hsu
Wilson Elser Moskowitz Edelman & Dicker LLP
Albany, NY
*Counsel for Defendants Dot Foods Inc., Gabriel Jameer Tate, and Benjamin Santiago Roldan*

Naomi J Skura
Gallo Vitucci Klar LLP
*Counsel for Defendant Benjamin Santiago Roldan*

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs filed this action relating to a highway collision in the Supreme Court of Bronx County, New York. Defendants removed the case to federal court based on diversity jurisdiction. Plaintiffs now move to remand the case back to state court, arguing that Defendant Benjamin Santiago Roldan became a citizen of New York just after the crash, and therefore was a citizen of New York at the time the case was filed and removed to federal court. Plaintiff also requests leave to file a post-remand motion for sanctions. Because I find that Defendant Roldan changed his domicile to New York just after the crash, and therefore was a citizen of New York

at the time the case was filed and removed to federal court, Plaintiffs' motion to remand is GRANTED. Plaintiffs' request for leave to file a post-remand motion for sanctions is also GRANTED.

I.  **Background**

On July 8, 2024, Plaintiffs Juan P. Ortiz and Emmy Zapata Vallego filed this action in the Bronx County Supreme Court against Defendants Dot Foods Inc., Gabriel Jameer Tate, and Benjamin Santiago Roldan. (Doc. 6-1.) The complaint alleged that on August 3, 2023 (1) Plaintiffs were passengers in Defendant Roldan's vehicle, (2) Defendant Tate was operating a commercial vehicle on behalf of Defendant Dot Foods, and (3) Roldan's vehicle and the commercial vehicle operated by Defendant Tate on behalf of Dot Foods crashed into each other while driving on a highway in Westchester County. (*Id*. ¶¶ 64–67.) Plaintiffs allegedly sustained various injuries and assert personal injury claims against each Defendant. (*Id. passim*.) Defendants filed a notice of removal on August 13, 2024, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1.) Defendants filed an amended notice of removal on August 15, 2024. (Doc. 6.)

Following the removal, Plaintiffs' counsel filed a notice of appearance, (Docs. 8–9), and on September 12, 2024 filed a motion to remand the action to state court, arguing that Roldan was a citizen of New York at the time the action was filed and at the time of the action's removal to this Court. (Doc. 13.) Plaintiffs also request leave to file a post-remand motion for sanctions under Federal Rule of Civil Procedure 11. (Doc. 13-1 at 10.) Defendants filed their opposition on September 26, 2024. (Doc. 26.) Plaintiffs replied on October 10, 2024. (Doc. 31.) On October 14, 2024, Defendants filed a letter motion to strike arguments and evidence within Plaintiffs' reply brief or alternatively for leave to submit a sur-reply. (Doc. 34.)

2

## II.     **Legal Standard**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). An individual's citizenship for purposes of diversity jurisdiction depends on his domicile. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010). A domicile is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). In general, a person's first domicile is the place where he is born; he then changes his domicile by moving to a new residence with the intention to remain. *Morton v. Citibank, N.A.*, No. 18-CV-9048, 2019 WL 3066412, at *3 (S.D.N.Y. July 12, 2019) (citing *Liem v. Ackerman*, No. 10-CV-9187, 2012 WL 252120, at *1 (S.D.N.Y. Jan. 25, 2012)). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see also Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000).

Where a plaintiff challenges a defendant's removal for lack of complete diversity, the defendant has the "burden to demonstrate, by a preponderance of the evidence, that complete diversity among the parties existed not only at the time of removal, but also when the state complaint was filed." *Segal v. Firtash*, No. 13-CV-7818, 2014 WL 4470426, at *2 (S.D.N.Y.

3

Sept. 9, 2014); *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal."). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation marks omitted). If at any time it appears that the district court lacks subject-matter jurisdiction because there is not complete diversity among the parties, the case must be remanded back to state court. 28 U.S.C. § 1447(c).

### III. Discussion

#### A. *Remand*

Federal courts have subject-matter jurisdiction under 28 U.S.C. § 1332(a) only when there is complete diversity of citizenship among the parties. There is no dispute that, for purposes of diversity jurisdiction, Plaintiffs are citizens of New York, and that Defendants Tate and Dot Foods are not citizens of New York. (*See* Doc. 13-1 at 1–2.) The only question is whether Defendant Roldan is citizen of New York. (*Id.*; *see also* Doc. 26 at 6.) Specifically, because Roldan apparently resided in Delaware at the time of the accident but moved to New York shortly thereafter, the issue is whether Roldan became a citizen of New York before Plaintiffs commenced this action and before Defendants removed it to federal court. (Doc. 13-1 at 1–2.)

When evaluating evidence purporting to demonstrate an individual's domicile, courts in this Circuit place "strong" weight on an individual's "sworn statement regarding citizenship," *Morton*, 2019 WL 3066412, at *3 (internal quotation marks omitted), and also consider relevant documentary evidence of the individual's voter registration, bank account information, medical records, employment records, and the like, *see, e.g.*, *id.*; *Greer v. Carlson*, No. 20-CV-5484, 2020

4

WL 8340068, at *4 (S.D.N.Y. Dec. 24, 2020), *report and recommendation adopted*, No. 20-CV-5484, 2021 WL 293241 (S.D.N.Y. Jan. 28, 2021).

Here, the sworn testimony and documentary evidence that the parties have submitted indicate that in September 2023 Roldan moved from Wilmington, Delaware to the Bronx, New York, where he intends to remain. Specifically, Plaintiffs submitted Roldan's sworn affidavit stating that he moved to the Bronx in September 2023 "with the intention of making, and which [he] did make, the Bronx [his] permanent home." (Doc. 13-12 ("Roldan Aff.") ¶ 3.) The affidavit further states that Roldan has lived in the Bronx "every day since moving," that all of his possessions are in the Bronx, that he surrendered the keys to his Delaware residence, and that he has no intention to return to Wilmington. (*Id.* ¶¶ 6–8.) Roldan's affidavit is not the only sworn testimony he has given on this subject. In connection with his insurance claim relating to the accident at issue in this case, Roldan testified in his deposition that he moved from Wilmington to the Bronx in approximately September 2023. (Doc. 13-20 at 4, 8–9.) These "sworn statement[s]" are "strong" indications that Roldan moved to the Bronx in approximately September 2023 with the intention to remain there. *See Morton*, 2019 WL 3066412, at *3.

In addition to Roldan's sworn statements, Plaintiffs have also submitted several other documents that support a finding that Roldan was domiciled in the Bronx, New York at the time the case was filed and removed, including: (1) a February 2024 communication from the United States Postal Service that Roldan had changed his address to the Bronx, (Doc. 13-14); (2) insurance documents dated September and October 2023 relating to the accident listing Roldan's address in the Bronx, (Doc. 13-15 at 1–3, 6); (3) a copy of a November 9, 2023 insurance check for approximately $4,000 mailed to Roldan's address in the Bronx, (Doc. 13-19); (4) medical records from providers in New York City and its suburbs listing Roldan's Bronx address showing

5

that he received treatment for injuries sustained in the accident between September 2023 and June 2024, (Doc. 13-16); (5) cell phone bills addressed to Roldan's Bronx address dated June, July, and August 2024, (Doc. 13-17); (6) bank statements to Roldan's Bronx address for August 2024 listing subway and bodega transactions in New York City over the prior month, (Doc. 13-18); and (7) a document showing that Roldan cancelled his Delaware voter registration in July 2024, (Doc. 13-21). These documents—all dated prior to Defendants' August 13, 2024 Notice of Removal[1]—corroborate Roldan's sworn testimony that he moved to the Bronx and intends to remain there.

Having considered this testimony and documentary evidence, I conclude that Roldan became a citizen of New York in September 2023, before this lawsuit was filed and before it was removed to this Court. Thus, complete diversity does not exist among the parties, and subject-matter jurisdiction does not exist.

Defendants' contentions to the contrary are specious and unavailing. They offer no evidence that Roldan continues to reside in Delaware or intends to return there. At best, Defendants' arguments cast doubt on the strength of Plaintiffs' submissions, for instance by stating that Roldan told an insurance representative in September 2023 that he "did not really have a place to stay," but at that time resided at his address in the Bronx, (Doc. 26-1 ¶ 7), and by noting that as of September 2024 Roldan had not yet registered to vote in New York, (Doc. 26-15). Even if I were to consider this evidence as casting doubt on the strength of Plaintiffs' proffered evidence establishing Roldan's citizenship, I resolve such doubts as to Roldan's

---

[1] In their reply, Plaintiffs provided a copy of Roldan's New York driver's license, which was issued on August 27, 2024. (Doc. 31-1.) The relevant question is Roldan's domicile on the date this action was removed, August 13, 2024. *See Blockbuster*, 472 F.3d at 56–57. Thus, since Roldan's driver's license was issued after removal, it does not impact my analysis, and Defendants' motion to strike this part of Plaintiffs' reply or to submit a sur-reply, (Doc. 34), is DENIED as moot.

6

citizenship "against removability," *Lupo*, 28 F.3d at 274, and Roldan's sworn testimony that he intends to remain in the Bronx is entitled to "strong" weight, *Morton*, 2019 WL 3066412, at *3. In short, Defendants have not shown by a preponderance of the evidence, as they must, that Roldan remains a citizen of Delaware. Instead, Roldan became a citizen of New York when he moved to the Bronx in September 2023 with the intention to remain there.

### B. *Post-Remand Sanctions*

Plaintiffs also request leave to file a post-remand motion for sanctions. (Doc. 13-1 at 10.) A court "maintains jurisdiction to impose sanctions even if it lacks subject matter jurisdiction over the underlying action." *In re Reifler*, No. 18-CV-2559, 2018 WL 3212464, at *6 (S.D.N.Y. June 28, 2018); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) ("[E]ven when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case."). Thus, without weighing in on the substance of any future filing, I will allow Plaintiffs to file a sanctions motion.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED, and Defendants' letter motion to strike portions of Plaintiffs' reply or to submit a sur-reply is DENIED as moot.

IT IS ORDERED that this case shall be remanded to the Supreme Court of the State of New York, Bronx County, under Index Number 810770/2024E.

IT IS FURTHER ORDERED that, notwithstanding the remand, Plaintiffs shall file any motion for Rule 11 sanctions within thirty (30) days of the filing of this Opinion & Order.

The Clerk of Court is directed to terminate the pending motions at Docs. 13, 20, 22, 24, 29, and 34.

SO ORDERED.

Dated: October 17, 2024
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge